THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS VAZQUEZ-MALDONADO,<br><br>Defendant. | CASE NO. CR21-0221-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for early termination of supervised release (Dkt. No. 12). Having thoroughly considered the relevant record, the Court finds hereby GRANTS the motion for the reasons explained herein.

Defendant pleaded guilty to aiding and abetting the possession of 500 grams or more of a mixture and substance containing methamphetamine with intent to distribute. *See U.S. v. Vazquez-Maldonado*, Case No. CR9-0493-VMC-TBM, Dkt. Nos. 57, 105 (M.D. Fl. 2010). Defendant was sentenced to a 168-month custodial term, followed by 120-months of supervised release. *Id.* Dkt. No. 151. Now, following a transfer of Defendant's supervision to this District, and after having served approximately 30 months of supervision, Defendant moves for early termination. (Dkt. No. 12.) In support he cites his exemplary conduct while on supervision, effective integration into the community, pro-social activities, and a need to frequently travel outside of the District to visit and care for a terminally ill grandfather. (*See id.* 3–5.) In opposing,

the Government cites Defendant's criminal history, his knowledge that the plea would likely result in a term of supervised release of at least ten years, and a general policy against early termination, regardless of performance. (*See* Dkt. No. 14 at 3–4.)

The court may terminate a defendant's supervision after the completion of one year of supervised release. *See* 18 U.S.C. § 3583(e)(1). In deciding whether to terminate supervision, the court is to be guided by the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). Here, the Court finds that those factors support termination at this time. Namely, while Defendant's conduct was undoubtedly serious, he served a lengthy custodial sentence, along with a significant term of supervised release to date. No more is necessary to deter future Defendant's criminal conduct. Nor, given Defendant's performance since release, would it appear that he represents a threat to the public. In addition, based on his occupational accomplishments since release, it would not appear that he is in need of additional educational, vocational, or other correctional treatment. Finally, termination now would not result in unwarranted sentencing disparities, *at least in this District*. His sentence, as imposed in the Middle District of Florida, is rather extreme by this District's standards.

Accordingly, Defendant's motion (Dkt. No. 12) is GRANTED. It is hereby ORDERED that Defendant is discharged from supervised release and that the proceedings in this case be terminated.

DATED this 22nd day of May 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE